87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey JOERGER, Petitioner-Appellant,
v.
Janet RENO, Attorney General, United States Department of
Justice, Respondent-Appellee.
 No. 95-55885.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffrey Joerger appeals pro se interlocutorily the district court's denial of his request for appointment of counsel in his employment discrimination action alleging reprisal under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). We have jurisdiction pursuant to 28 U.S.C. § 1291, see Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1320 (9th Cir.1981), and affirm.
 
 
 3
 Pursuant to Title VII, a district court has the discretion to appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(B). The court must evaluate: (1) whether the plaintiff demonstrates an inability to pay for private counsel; (2) plaintiff's efforts to secure counsel; and (3) whether the claims presented have merit. See Bradshaw, 662 F.2d at 1318. We review the district court's denial of a request for appointment of counsel for abuse of discretion. See id. We may affirm an unexplained denial of a request for appointment of counsel where the reasons are clear from the record. See Ivey v. Board of Regents, 673 F.2d 266, 269 (9th Cir.1982).
 
 
 4
 Here, the district court did not articulate its reasons for denying Joerger's request for appointment of counsel.[1] Because our review of Joerger's complaint and the excerpts of record convinces us that Joerger's claims lack merit, we cannot say that the district court abused its discretion by denying Joerger's request for appointment of counsel. See Bradshaw, 662 F.2d at 1318.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Joerger filed a "Request for Appointment of an Attorney" on March 27, 1995, noting the complexity of his case and his lack of funds. The district court denied Joerger's request for appointment of counsel on March 30, 1995, and Joerger's request for reconsideration of the denial on May 4, 1995